PER CURIAM:
The claimants, Jackie and Marcia Hundley, seek an award of $ 1,121.45 for damage to their vehicle, a 1992 Z-34 Chevrolet Lumina. The damage is a result of an accident which occurred on November 11,1994, at approximately 4:30 p.m. On this occasion Mrs. Hundley was traveling 25 miles per hour on Route 119 in Logan County near the community of Cora. Due to construction work, traffic was stopped in the lane opposite to Mrs. Hundley’s lane. As Mrs. Hundley proceeded around a curve a vehicle in the opposite lane was encroaching into her lane. She avoided the vehicle by driving along the far right edge of her lane. However, the edge of the pavement was broken and the claimant’s vehicle struck the defect very hard. As a result of the accident, both wheels and tires on the right side of the vehicle were damaged. Shortly after the accident, Mrs. Hundley contacted the respondent through its office at Williamson and discovered the respondent was already aware of the pavement defect. At the time of the accident, the claimants had full coverage insurance on their vehicle with a deductible of $250.00.
The Logan County maintenance supervisor for the respondent, Hobert Adkins, described Route 119 as a top priority road. Although Mr. Adkins did not have personal knowledge of the defect at the time of Mrs. Hundley’s accident, the Logan County office of the respondent was on notice of the defect. The normal procedure, when a complaint is received at the Logan County office, is for the clerk to inform either Mr. Adkins or a member of his staff in order for the complaint to be investigated. However, in the instant case the clerk did not inform Mr. Adkins or his staff of the road defect encountered by Mrs. Hundley.
*161 This Court has consistently followed the principle that in order for the State to be held liable for damages caused by a defect in the road, it must have had either actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dept. of Highways, 16 Ct.Cl. 103 (1986). The record in this case indicates the respondent was notified about the pavement failure struck by the claimants’ vehicle but failed to take adequate measurers to correct the problem. Therefore, it is the decision of this Court that the respondent was negligent in maintaining Route 119 at the time the claimants’ vehicle was damaged, and an award is made to the claimants int the amount of $250.00. This award represents the claimants’ out-of-pocket expense of their deductible.
Award of $250.00.